IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| David Cullen, | Case No.: 6:20-cv-4061-SAL |
| Plaintiff, | |
| vs. | |
| Kilolo Kijakazi, Acting Commissioner of Social Security Administration, | **OPINION AND ORDER** |
| Defendant. | |

This matter is before the court for review of the October 28, 2021 Report and Recommendation of United States Magistrate Judge Kevin F. McDonald (the "Report"), made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (D.S.C.). [ECF No. 15.] In the Report, the Magistrate Judge recommends the Commissioner's final decision denying Plaintiff's claim for Social Security disability benefits be affirmed. *Id.* Plaintiff filed timely objections to the Report. [ECF No. 18.] Defendant filed a timely reply to Plaintiff's objections. [ECF No. 19.] For the reasons outlined herein, the court respectfully declines to adopt the Report and reverses and remands the Commissioner's final decision for further administrative proceedings.

**STANDARD OF REVIEW**

The scope of federal court review under 42 U.S.C. § 405(g) is narrowly-tailored to determine whether the findings of the Commissioner are supported by substantial evidence and whether the Commissioner applied the proper legal standard in evaluating the claimant's case. *See id.*, *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002) (*citing Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990)). "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains

'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citing *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "Substantial evidence" is "more than a mere scintilla," and means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Consolidated Edison*, 305 U.S. at 229).

The court's function is not to "try these cases de novo or resolve mere conflicts in the evidence." *Vitek v. Finch*, 438 F.2d 1157, 1157–58 (4th Cir. 1971); *see Pyles v. Bowen*, 849 F.2d 846, 848 (4th Cir. 1988) (citing *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986)). Rather, the court must uphold the Commissioner's decision if it is supported by substantial evidence "even should the court disagree with such decision." *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

## REVIEW OF A MAGISTRATE JUDGE'S REPORT

The Magistrate Judge makes only a recommendation to the court. The recommendation carries no presumptive weight, and the responsibility to make a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). In the absence of specific objections to portions of the Report, this court is not required to explain its reasons for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). It must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

# DISCUSSION

Plaintiff objects to the Magistrate Judge's finding that the Administrative Law Judge ("ALJ") properly evaluated an opinion from his treating psychiatrist, J. Christopher Caston, M.D. ("Dr. Caston"). Given the specificity of Plaintiff's objection, the court reviews it *de novo*.

On November 13, 2019, Plaintiff's counsel or someone working on his behalf interviewed Dr. Caston and memorialized the interview in a letter Dr. Caston subsequently signed. *See* Tr. at 358. Dr. Caston reported Plaintiff endorsed delusions that God was speaking to him through colors in his environment. Tr. at 359. He noted Plaintiff's delusions had initially manifested in 1999; had persisted, despite use of Seroquel; and had diminished somewhat with a recent change in medications. *Id.* He indicated he had previously decreased Plaintiff's Seroquel dose because it had caused him to sleep for 12 to 14 hours daily. *Id.* He noted he had prescribed Clonazepam to reduce Plaintiff's anxiety, but Plaintiff continued to experience rapid thought processes that sometimes kept him awake all night and necessitated he collapse and sleep throughout the following day. *Id.* He stated Plaintiff's academic and creative abilities were reduced to about one-tenth of their prior levels. *Id.* He noted Plaintiff was reclusive and paranoid about his condition. *Id.* He indicated Plaintiff was "unable to attend any sort of work without being unable to function." *Id.* He stated Plaintiff had trouble communicating. *Id.*

Plaintiff argues the Magistrate Judge erred in concluding the ALJ's decision should be affirmed. [ECF No. 18]. He contends the Magistrate Judge did not deny that the ALJ provided only a conclusory rejection of Dr. Caston's opinions, simply stating that his opinions were "not consistent with the evidence of record," and "essentially independently [finding] that Dr. Caston's opinions were inherently neither valuable nor persuasive" based on post hoc rationale. *Id.* at 2–3. He maintains the Magistrate Judge pointed to the ALJ's discussion of Dr. Caston's treatment records, but that such discussion included both positive and negative findings that he

3

failed to reconcile with his conclusion. *Id.* at 3–4. He claims the Magistrate Judge erred in accepting the ALJ's conclusion that Dr. Caston's opinions were vague because the ALJ should have sought clarification from Dr. Caston as to any opinions he considered vague.[1] *Id.* at 4. He maintains the Magistrate Judge supplied reasons to support the ALJ's findings as to inconsistencies between his activities of daily living ("ADLs") and Dr. Caston's opinion that the ALJ failed to cite. *Id.* at 5. He claims the Magistrate Judge ignored that the ALJ did not adequately reconcile the opinion evidence. *Id.* at 6–7.

The Commissioner argues the Magistrate Judge rejected Plaintiff's argument that the ALJ provided only a conclusory statement that Dr. Caston's opinion was inconsistent with the other evidence. [ECF No. 19 at 2–3]. She maintains the Magistrate Judge noted the ALJ's citation of inconsistencies between Dr. Caston's opinion and the evidence of record, opinions of the state agency consultants and Dr. Ruffing, and Plaintiff's ability to complete ADLs. *Id.* at 3. She claims the Magistrate Judge appropriately noted that the ALJ had discussed Dr. Caston's treatment records prior to addressing the opinion, providing an explanation for his conclusion that the opinion was unsupported by the treatment record. *Id.* at 3–4. The Commissioner maintains the Magistrate Judge correctly noted the ALJ's decision had addressed the supportability and consistency of Dr. Caston's opinion, in accordance with the applicable regulation. *Id.* at 5. She argues the Magistrate Judge did not err in reviewing the entire administrative record in explaining how the ALJ's conclusion was supported by substantial evidence. *Id.* She requests Plaintiff's objections be overruled and the Magistrate Judge's report be adopted. *Id.* at 6.

---

[1] The regulations and SSR applicable to cases filed prior to March 27, 2017, required the ALJ "make every reasonable effort to recontact such sources for clarification." SSR 96-5p, 1996 WL 374183, at *6. However, Plaintiff has cited no authority under the applicable regulation, 20 C.F.R. § 404.1520c, requiring an ALJ to recontact a medical source for clarification of an opinion.

In the Report, the Magistrate Judge concluded the ALJ did not err in evaluating Dr. Caston's opinion and finding it "not persuasive." [ECF No. 15 at 5–12.] He found the ALJ addressed the supportability and consistency of "Dr. Caston's attorney-drafted letter regarding the plaintiff's functioning." *Id.* at 7. The Magistrate Judge asserted the ALJ did not err in adopting limitations identified by non-treating providers, to the exclusion of Dr. Caston's opinion, as the amended regulations place no special significance on treating providers' opinions. *Id.* at 7–8. He maintained the ALJ summarized Dr. Caston's treatment records in noting they did not support his opinion, as they were vague and lacked explanation as to purported areas of improved and deteriorated functioning and reflected Plaintiff consistently arrived on time, was fully oriented, was dressed appropriately, had a neat appearance and good hygiene, and was cooperative. *Id.* at 8. The Magistrate Judge further found the ALJ noted inconsistencies between Dr. Caston's opinion and Plaintiff's ADLs, the state agency psychological examiners' opinions, and the observations and opinions of consultative examiner James Ruffing, Psy. D. ("Dr. Ruffing"). *Id.* at 9–11. He cited additional inconsistencies between Dr. Caston's opinion and treatment records from Joseph Friddle, P.A. ("PA Friddle"), and Lisa Speach, N.P. ("NP Speach"). *Id.* at 11.

The Magistrate Judge appropriately noted the ALJ was required to consider the medical opinions of record in accordance with 20 C.F.R. § 404.1520c, which provides that the adjudicator is not to defer to or give any specific weight to a medical opinion based on its source. 20 C.F.R. § 404.1520c(a). The ALJ must consider in the decision how persuasive he found all the medical opinions based on the following factors: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors that tend to support or contradict a medical opinion. 20 C.F.R. § 404.1520c(b), (c). However, he is only required to specifically articulate how he considered the supportability and consistency factors because they are considered the most important factors in assessing the persuasiveness of an opinion. 20

C.F.R. § 404.1520c(a), (b)(2). Applicable to the supportability evaluation, "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) . . . the more persuasive the medical opinion . . . will be." 20 C.F.R. § 404.1520c(c)(1). In evaluating the consistency factor, "[t]he more consistent a medical opinion . . . is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion . . . will be." 20 C.F.R. § 404.1520c(c)(2). The ALJ's conclusions as to the supportability and consistency of a medical opinion must be supported by substantial evidence.

    The ALJ addressed Dr. Caston's opinion as follows:

> In a letter drafted by the claimant's attorney, but signed by Dr. Caston, dated November 13, 2019, Dr. Caston opined that the claimant's academic and creative abilities have been reduced to about a tenth of what he once had, and that "He is just unable to attend any sort of work without being unable to function." (Exhibit 8F). Although the quoted statement appears to have been typed incorrectly, it appears that Dr. Caston's opinion is that the claimant is not capable of any work activity. This opinion is not persuasive, as it is not consistent with the evidence of record, or with the opinions of the State agency psychological consultants, or Dr. Ruffing. The opinion also encroached on opinions reserved solely to the Commissioner. The claimant has worked in only one occupation in the last 15 years that is demanding and highly stressful. The totality of evidence supports the claimant being able to function in lower stress work. The record shows that the claimant is able to complete his activities of daily living, and that he otherwise has no severe physical impairments.

Tr. at 21.

    The Magistrate Judge did not err in pointing out that Dr. Caston's opinion that Plaintiff would be unable to function in any sort of work was not a medical opinion as defined by the applicable regulations. *See* [ECF No. 15 at 7 (citing 20 C.F.R. § 404.1520b(c)(3) (specifying "[s]tatements that you are or are not disabled, blind, able to work, or able to perform regular or continuing work" are "inherently neither valuable nor persuasive to the issue of whether you are disabled or blind under the Act" and that the adjudicator is not required to "provide any analysis about how [h]e considered such evidence in [his] determination or decision, even under §

404.1520c")]; *see also* 20 C.F.R. § 404.1513(a)(2) (defining medical opinions). The ALJ recognized the same. *See* Tr. at 21.

The Magistrate Judge also properly noted that the ALJ did not reject Dr. Caston's opinion merely because it included a statement that did not require further analysis but proceeded to consider the persuasiveness of the opinion. This was appropriate because other impressions within Dr. Caston's letter would be considered medical opinions pursuant to 20 C.F.R. § 4040.1513(a)(2). *See* Tr. at 359 (suggesting persistent delusions, rapid thought processes, sleep disturbance causing daytime somnolence, reclusiveness, paranoia, and difficulty communicating would hinder Plaintiff's ability to complete mental demands of work activity).

The Magistrate Judge did not accept Plaintiff's argument that the ALJ provided only a conclusory explanation as to his consideration of the factors relevant to the persuasiveness evaluation. He pointed out the ALJ had explained the finding as to the consistency factor was based on perceived inconsistencies between Dr. Caston's opinion and the evidence of record, the state agency consultants' opinions, Dr. Ruffing's examination and opinion, and Plaintiff's ability to complete his ADLs, which he had discussed in greater detail elsewhere in the decision. *See* [ECF No. 15 at 7–8, 9–10.]

The Magistrate Judge cited observations from PA Friddle[2] as supporting the ALJ's conclusion that Dr. Caston's opinion was inconsistent with the other evidence of record. [ECF No. 15 at 11.] This conclusion was supported by the ALJ's discussion of Dr. Friddle's normal mental status exams and other findings prior to and during the relevant period. *See* Tr. at 16, 19–20. Also consistent with the Magistrate Judge's deduction that the ALJ had provided more than a conclusory explanation of his finding of inconsistency, the ALJ noted earlier in the decision the

---

[2] The Magistrate Judge also cited NP Speach's observations, but her observations were of limited relevance because she did not examine Plaintiff after his alleged onset date of disability. *See generally* Tr. at 323–39 (reflecting treatment between May 8, 2017 and September 11, 2017).

state agency consultants' conclusions that Plaintiff was mildly limited in his abilities to understand, remember, or apply information and adapt and manage himself and moderately limited in his abilities to interact with others and concentrate, persist, and maintain pace. Tr. at 21. He also provided a more detailed assessment earlier in the decision to support his finding of inconsistency between Dr. Caston's report and Plaintiff's ADLs, noting Plaintiff's reports of independence with eating, grooming, bathing, dressing, toileting, and mobility, as well as his abilities to live alone, prepare simple meals, complete household chores, drive a car, travel independently, and handle his own finances. Tr. at 17.

Nevertheless, a review of the ALJ's decision lends support to Plaintiff's argument that the Magistrate Judge ignored the ALJ's failure to adequately explain his finding of inconsistency between Dr. Caston's opinion and Dr. Ruffing's observations and opinion. The ALJ summarized Dr. Ruffing's findings as follows:

> In the report from his consultative psychological examination of the claimant, Dr. Ruffing opined that the claimant is able to understand and respond to the spoken word; would likely have moderate limitation in independent function and would struggle to interact appropriately with others because of depression; is able to understand, and comprehend simple tasks, but might struggle with complex tasks because of his depression; that the claimant's concentration and memory appeared to be impaired to a moderate degree; and that the claimant was capable of managing his own finances (Exhibit 3F). Dr. Ruffing's opinion is mostly persuasive, because it is generally congruent with his examination findings, and appears to be consistent with the claimant's self-report of his activities of daily living and treatment reports.

Tr. at 21. The ALJ's decision suggests that, like Dr. Caston, Dr. Ruffing recognized that Plaintiff would be limited in his abilities to function independently, interact with others appropriately, and maintain concentration in a work setting. *Compare* Tr. at 21, *with* Tr. at 359. The ALJ did not reconcile those similarities with his finding that Dr. Ruffing's observations and opinion were inconsistent with Dr. Caston's opinion. The Magistrate Judge provides a more thorough explanation to support the finding of inconsistency, ECF No. 15 at 10–11, but this

8

cannot cure the insufficient explanation in the ALJ's decision. *See Patterson v. Commissioner of Social Security Administration*, 846 F.3d 656, 663 (4th Cir. 2017) (recognizing the dispute arose "from a problem that has become all too common among administrative decisions challenged in this court—a problem decision makers could avoid by following the admonition they have no doubt heard since their grade-school math classes: Show your work."). Despite the Magistrate Judge's additional references to the record, the court is left to guess why the ALJ found Dr. Ruffing's opinion to conflict with Dr. Caston's opinion.

The Magistrate Judge referenced the ALJ's discussion of Dr. Caston's treatment records and agreed with his finding that the records did not support Dr. Caston's opinion, as they showed Plaintiff's functioning was affected by situational stressors and lacked explanation for findings of improvement and deterioration. [ECF No. 15 at 8–9.] The ALJ addressed Dr. Caston's treatment records as follows:

> The claimant became a patient of Dr. Caston on March 31, 2018. Dr. Caston reported that the claimant was oriented to time, place, person, and situation; the claimant had no organic brain symptoms, his affect was severely constricted, with minimal spontaneity; he had ideas of reference and paranoid delusions. Dr. Caston concluded that severe depression symptoms were present with psychotic features (Exhibit 2F). The reports from Dr. Caston's subsequent meetings with the claimant are vague, with Dr. Caston reporting that the claimant's general mental status suggested possible improvements and deteriorations in functional areas such as overall appearance, cognitive functioning, memory, perceptual functioning, and emotional functioning, but not providing any examples of how the claimant was experiencing improvement or deterioration in any of these areas (Exhibits 2F and 6F). Dr. Caston's records also reflect that he was providing counseling to the claimant in regard to issues pertaining to marriage and custody issues, which became and [sic] source of stress with the claimant reporting on February 27, 2019 that the police and social services became involved after he spanked his 10-year-old son and left marks (Exhibit 6F).
>
> After the incident involving the claimant's son, Dr. Caston's records suggest that the status of the claimant's relationship with his wife and children became the focus of the sessions, with Dr. Caston referring to suggested marital conferences and therapy in the treatment notes from the claimant's May 11, 2019, May 13, 2019, May 17, 2019, June 12, 2019, and July 10, 2019 visits (Exhibit 6F).

Tr. at 20.

9

The court sustains Plaintiff's objection to the Magistrate Judge's conclusion as to the ALJ's evaluation of the supportability of Dr. Caston's opinion.  A review of the decision supports Plaintiff's argument that the ALJ cited positive and negative findings in Dr. Caston's reports and did not adequately explain how the findings were inconsistent with the opinion.  The ALJ acknowledged Dr. Caston's documentation of Plaintiff's severely constricted affect, ideas of reference, paranoid delusions, and severe depressive symptoms with psychotic features.  These findings could reasonably support Dr. Caston's opinion that persistent delusions, rapid thought processes, sleep disturbance causing daytime somnolence, reclusiveness, paranoia, and difficulty communicating would hinder Plaintiff's ability to complete mental demands of work activity related to maintaining concentration, persistence, or pace and responding appropriately to supervision, coworkers, or work pressures in a work setting.

Although the Magistrate Judge agreed with the ALJ's conclusion that Dr. Caston's opinion was vague as to his indications of improvement and deterioration, a thorough review of Dr. Caston's records yields more details that supported the impressions than the ALJ and the Magistrate Judge recognized.  The Fourth Circuit has admonished that "[a]n ALJ has the obligation to consider all relevant medical evidence and cannot simply cherrypick facts that support a finding of nondisability while ignoring evidence that points to a disability finding." *Lewis v. Berryhill*, 858 F.3d 858, 869 (4th Cir. 2017) (quoting *Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010).  In addition to the findings the ALJ referenced that appeared to support the opinion, Dr. Caston documented the following over 28 sessions between March 31, 2018 and October 21, 2019: treatment goals to control mood swings, delusions, anxiety, insomnia, and depression; Plaintiff's reports of feelings of inadequacy, difficulty communicating with others, perceptual dysfunctions, avoidant and isolative behavior, rarely leaving his house, anxiety attacks while driving to psychotherapy sessions, persistent anxiety, insomnia, sleep deprivation,

and difficulty recalling what he read; and observations during some sessions of minimized and slowed affective reactions with little variability, emotional and tangential speech, anxious and suspicious expressions, defensive and hostile interactions, and moderate-to- severe anxiety, suspiciousness, anger, and depression.  Tr. at 290–30, 341–57.

Because the ALJ's assessment of the persuasiveness of Dr. Caston's opinion reflects inadequate explanation of evidence relevant to the consistency and supportability factors, the court finds it is not supported by substantial evidence and declines to adopt the Magistrate Judge's Report.

## CONCLUSION

After a thorough review of the Report, the applicable law, and the record in this case, the court declines to adopt the Report.  Therefore, the Commissioner's decision is reversed and the matter is remanded for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

**IT IS SO ORDERED.**

January 10, 2022                                         Sherri A. Lydon
Florence, South Carolina                            United States District Judge